IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JHEN SCUTELLA, <br> Plaintiff, | ) <br> ) <br> ) <br> ) | C.A. No. 23-92 Erie |
| v. | ) <br> ) <br> ) | District Judge Susan Paradise Baxter |
| ERIE COUNTY PRISON, et al., <br> Defendants. | ) <br> ) | Chief Magistrate Judge Richard Lanzillo |

## MEMORANDUM ORDER

Plaintiff Jhen Scutella, an inmate formerly incarcerated at the Erie County Prison in Erie, Pennsylvania,[1] initiated this civil rights action by filing a *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Defendants Erie County Prison ("ECP"), Deputy Warden Bryant, and Deputy Warden Michael Holman (incorrectly identified as "Mikey Holman"), and Counselor Martin. This matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff claims that Defendants violated his first and fourteenth amendments to the United States Constitution and Pennsylvania tort law based on ECP's COVID-19 quarantine and grievance policies and procedures and the conditions of his confinement.

On February 21, 2024, filed a motion to dismiss for failure to state a claim [ECF No. 30], to which Plaintiff filed a response in opposition [ECF No. 38] on February 27, 2024.

---

[1] From his court filings, Plaintiff appears to have been released from ECP in or around January 2024 [ECF Nos. 25, 27, 32, 37].

On May 23, 2024, Judge Lanzillo issued a Magistrate Judge's Report and Recommendation ("R&R") recommending that Defendants' motion to dismiss be granted, and that Plaintiff's claims against Defendant ECP, his First Amendment claims based on denial of access to courts and denial of grievances, his Fourth Amendment due process claim, and his state law claim of intentional infliction of emotional distress, be dismissed with prejudice; that Plaintiff's request for compensatory damages in a sum certain be stricken with prejudice; and that Plaintiff's remaining Fourteenth Amendment conditions of confinement claim be dismissed, without prejudice to Plaintiff's right to amend such claim within fourteen days. [ECF No. 44]. Objections to the R&R were due to be filed by June 10, 2024; however, no timely objections have been received.

Thus, after *de novo* review of the complaint and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 14th day of June, 2024;

IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF No. 30] is GRANTED, as follows: (i) Plaintiff's claims against Defendant ECP, his First Amendment claims based on denial of access to courts and denial of grievances, his Fourth Amendment due process claim, and his state law claim of intentional infliction of emotional distress, are DISMISSED with prejudice; (ii) Plaintiff's request for compensatory damages in a sum certain is stricken with prejudice; and (iii) Plaintiff's remaining Fourteenth Amendment conditions of confinement claim is dismissed, without prejudice to Plaintiff's right to amend such claim to correct the deficiencies noted in the R&R within fourteen (14) days of the date of this Order. In the event Plaintiff fails to file an appropriate amendment within such time, the Court's dismissal

of Plaintiff's Fourteenth Amendment conditions of confinement claim will be converted to a dismissal with prejudice, and this case will be dismissed without further notice. The report and recommendation of Chief Magistrate Judge Lanzillo, issued May 23, 2024 [ECF No. 44], is adopted as the opinion of the court.

      The Clerk is directed to terminate Defendant Erie County Prison from this case.

/s/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States District Judge

cc:    The Honorable Richard A. Lanzillo
       Chief United States Magistrate Judge